UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES G. ASCHERMAN,            )
                               )
            Petitioner,        )
v.                             )   No. 1:10-cv-372-SEB-TAB
                               )
THOMAS HANLON,                 )
                               )
            Respondent.        )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

James Ascherman is serving the executed portion of a sentence imposed in 1990 following his conviction for various drug offenses. Ascherman's conviction was affirmed on direct appeal in *Ascherman v. State,* 575 N.E.2d 277 (Ind. Ct. App. 1991)(*Ascherman I*). Ascherman filed a petition for post-conviction relief, which was granted in part and denied in part. The partial denial of Ascherman's petition for post-conviction relief was affirmed on appeal in *Ascherman v. State*, 904 N.E.2d 392 (Ind. Ct. App. 2009)(*Ascherman II*).

In his direct appeal, Ascherman presented the single claim that there was juror misconduct during deliberations. That claim was rejected in *Ascherman I* is not reasserted here.

Ascherman presented other claims in his petition for post-conviction relief, but did not seek transfer to the Indiana Supreme Court of the affirmance in *Ascherman II.*

The focus of the present action is thus whether Ascherman's failure to seek the discretionary review available in the Indiana Supreme Court following *Ascherman II* constitutes procedural default, and if so, whether he has shown circumstances sufficient to overcome such default. As to the first of these matters, the failure to seek discretionary review does indeed constitute procedural default. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999)("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary.").

When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to

the petitioner's "*actual* and substantial disadvantage,"); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003). Ascherman does not acknowledge his procedural default and makes no effort to overcome it. Its existence in this case, however, precludes this court from reaching the merits of his claims.

Ascherman's petition for writ of habeas corpus is **denied**. Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Ascherman has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 08/10/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana